UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRUCE O'QUINN                                              CIVIL ACTION

VERSUS

TAU SOUTH, LLC, ET AL.                         NO. 25-00156-BAJ-SDJ

<u>ORDER</u>

Before the Court is Cross Defendant **DG Louisiana, LLC's Motion to Dismiss Crossclaim. (Doc. 31).** Since the filing of Cross Defendant's Motion to Dismiss, the Court granted Cross Claimant Tau South, LLC leave to file an Amended Answer and Crossclaim (Docs. 33, 34), and Cross Defendant DG Louisiana filed its own Answer in response. (Doc. 35).

Courts vary in approach when a plaintiff or cross claimant amends their complaint or crossclaim while a Rule 12 motion is pending. *See Melson v. Vista World Inc. & Assocs.*, No. CIV.A. 12-135, 2012 WL 6002680, at *12 (E.D. La. Nov. 30, 2012). Nonetheless, "many district courts — including those in this Circuit — routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint." *La. v. Bank of Am. Corp.*, No. CV 19-638-SDD-SDJ, 2020 WL 3966875, at *5 (M.D. La. July 13, 2020) (citing *Garcia v. City of Amarillo, Tex.*, No. 2:18-CV-95-D-BR, 2018 WL 6272461, at *1 (N.D. Tex. Oct. 29, 2018), *report and recommendation adopted*, No. 2:18-CV-095-D, 2018 WL 6268222 (N.D. Tex. Nov. 30, 2018), at *1 ("[A]n amended complaint, which supersedes the original complaint as the operative live pleading,

1

renders moot a motion to dismiss the original complaint.")); *Xtria, LLC v. Int'l Ins. All. Inc.*, No. CIV.A.309-CV-2228-D, 2010 WL 1644895, at *2 (N.D. Tex. Apr. 22, 2010) ("Because [the plaintiff] has been granted leave to amend, [the defendant's] motions to dismiss and for judgment on the pleadings are denied without prejudice as moot.") (additional citations omitted)).

While a court may apply a pending Rule 12 motion to a newly amended complaint, or answer, in the case of a crossclaim, it should nonetheless deny the pending motion as moot if that application "would cause confusion or detract from the efficient resolution of the issues ..." *Rodgers on Behalf of CJTJ v. Gusman*, No. CV 16-16303, 2019 WL 186669 at *2 (E.D. La. Jan. 14, 2019) (In that situation, "it makes sense to require the defendant to file a new motion specifically addressing the amended complaint.").

Here, Cross Defendant's Motion to Dismiss (Doc. 31) was based on Cross Claimant's procedural failure to include its crossclaim as part of its Answer to the Complaint. Cross Claimaint's Amended Answer (Doc. 34) now includes the crossclaim as part of its responsive pleading as required by Federal Rule of Civil Procedure 7. Cross Defendant has already re-filed its own Answer (Doc. 35) in response to Cross Claimant's Answer to Complaint. (Doc. 34). To promote the efficient resolution of this matter, the Court will deny Cross Defendant's pending Motion to Dismiss Crossclaim (Doc. 31) as moot.

2

Accordingly,

**IT IS ORDERED** that **DG Louisiana, LLC's** Motion to Dismiss Crossclaim **(Doc. 31)** be and is hereby **DENIED AS MOOT**.

Baton Rouge, Louisiana, this **2nd** day of February, 2026

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**